IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL C. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-561-CG-N |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff has filed a Motion to Waive Filing Fee or to Voluntarily Dismiss (doc. 8) and a Motion for Leave to Proceed In Forma Pauperis (doc. 9). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1(d).

Plaintiff filed his Complaint and IFP motion (docs. 1, 2) on September 28, 2011. On October 4, 2011, the court returned (doc. 3) plaintiff's original complaint and initial IFP motion for refiling on the correct forms. Thereafter, plaintiff filed his Complaint (doc. 4) and IFP motion (doc. 5) on October 12 and 13, 2011, respectively. The court denied this IFP motion for failure to properly complete the form including failing to file the required inmate account statement (doc. 6). Plaintiff was informed, in each of the IFP forms, that he must submit a "statement containing all transactions … for the six (6) months immediately preceding the filing of the Complaint," Court's IFP form (e.g. docs. 5, 9), at p. 5, and set a deadline fo November 14, 2011, by which he was to file the correct documents. Plaintiff failed to take any action by that deadline. Nonetheless, the court entered an order (doc. 7) on November 29, 2011, which stated that despite plaintiff's failure to comply with the prior order, he would be allowed one further

opportunity to submit the required copy of the institutional record of his inmate account or pay the filing fee no later than December 29, 2011.

Plaintiff's current IFP motion (doc. 9) is similarly incomplete: he has attached two balance statements from his inmate account, one dated September 15, 2011, and the other dated November 23, 2011, rather than the ix-month statement required as support for any IFP motion filed in this court. In addition, the plaintiff's responses on the form consist of blanket entries of "N/A" to all requests for financial information, instead of the individual answers to the questions posed. This approach has led plaintiff to claim, in effect, never to have held any job, not to own any real property or any other assets, and not to have received any money in the last 12 months. At least the last of the se claims is belied by the inmate account statements plaintiff has submitted showing deposits to his account and a balance of more than a hundred dollars. Thus, plaintiff's IFP motion is again found to be inadequate.

Plaintiff's Motion to Waive Filing Fee (doc. 8) contains a request in the alternative for the court to dismiss plaintiff's complaint without prejudice rather than to take the filing fee or a portion thereof from the money in his inmate account. Plaintiff states that he "didn't know of a court cost or a percentage coming off my prison account." Doc. 8. Plaintiff is entitled to make such a decision tht it is not worth it to him to bring this action at this time if it means paying the filing fee or a portion thereof from his own funds.[1]

Accordingly, it is hereby RECOMMENDED that plaintiff's IFP motion (doc. 9) be DENIED, that his Motion to Waive Filing Fee or to Voluntarily Dismiss be DENIED in part as

---

[1] Plaintiff filed a separate action on September, 28, 2011, Hinton v. Curry, 11-0562-WS-B. After failing to respond to the order (Doc. 4) to submit his Complaint and IFP motion on the correct forms, the magistrate judge assigned to that case entered a recommendation that the action be dismissed without prejudice for failure to prosecute. Doc. 5.

to the request for waiver, and GRANTED in part as to the request for dismissal, and that this action be DISMISSED without prejudice.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 14th day of December 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson